Good afternoon, Your Honors. My name is Doug Mitchell, and I represent the petitioner, Mr. Gregory Sampson. Your Honors, this Court should reverse the district court's order dismissing Mr. Sampson's habeas petition for two reasons. First, cause and prejudice excuse the untimely filing of Mr. Sampson's claim that his boots and bandana were unlawfully seized incident to an illegal arrest. And second, insufficient evidence existed to convict Mr. Sampson of either second-degree murder or use of a deadly weapon. In ruling that Mr. Sampson had failed to show cause and prejudice for his boots and bandana claim, the district court, in essence, created a distinction where there was no difference. It recognized that the Nevada courts had each ruled that Mr. Sampson demonstrated cause for the untimely filing of his claim challenging Mr. Walter's inculpatory statements. However, even though it recognized that cause existed on that claim, it failed to recognize that the constitutional issue, the material constitutional issue which gave rise to Mr. Sampson's claim concerning his boots and bandana was not the admission into evidence of Mr. Walter's inculpatory statements, but rather was the unlawful arrest affected on both Mr. Walter's and Mr. Sampson at their residence. I guess I don't understand why there's cause there. I mean, the whole reason that they heard his complaint was because Walters had gotten relief because of U.S. v. Harris, right, which didn't go – which didn't give any relief with regard to physical evidence. It had to do with statements, right? Well, the Nevada's rule, Mr. Sampson. Actually, I got it backwards. Harris changed the rule on statements. It did. But I understand the court's question. Thanks. And the Nevada's. Even if I didn't. The Nevada Supreme Court actually gave Mr. Walter's relief on the basis that the arrest was unlawful. It was a warrantless arrest conducted with the – You said they gave him relief. I thought – was that the final result? I thought that ultimately they decided that there was going to be no relief. Well, there were two Nevada Supreme Court decisions, Your Honor. In the first case, Walters won. Yes. The Nevada Supreme Court ruled that the arrest was unlawful. And then they changed the motto. And then later, they issued a second opinion. But it's important to remember what they did and what they didn't do in that second opinion. In the first opinion, the Nevada Supreme Court ruled the arrest unlawful and then held that because Walters' statements were a product of the unlawful arrest, they had to be suppressed. In the second Walters' case, what they held was the arrest was unlawful. It was still an illegal arrest. However, with respect to the inculpatory statements made by Mr. Walters, the Nevada Supreme Court ruled that Mr. Walters had made those statements some distance from the arresting location, and therefore, under that rule, they were admissible. But the reason, as I understood it, for finding cause the first time was they wanted your client to be treated the same way Mr. Walters was. They said it would be unfair for Mr. Walters to go free or have his conviction reversed and have your client not benefit by that. That's correct, Your Honor. The district court judge in the State court who presided over both the trials. And that was the cause, the disparity between the two. There was actually two issues that the State court judge recognized. First was exactly what you've pointed out, that it would be unfair to treat Mr. Walters and Mr. Sampson differently. Yes. But secondly, and equally importantly, the trial judge recognized that the unlawful arrest affected Mr. Sampson independently from Mr. Walters. What's the cause on the unlawful arrest? If Mr. Walters had not been involved in this case, and Mr. Sampson had just filed his habeas petition three years late, what cause would there be? Just being unlawfully arrested isn't the cause. No, Your Honor, and that's correct. Just being unlawfully arrested would not be the cause. Was there any cause other than the difference in treatment that would have resulted between when they thought Harris was going to get a reversal? Well, the cause of the court's correct. The cause at the district court level in front of the trial judge was Nevada's Supreme Court's decision in Walters 1 which held the arrest unlawful. The second Nevada district court judge, the newly appointed district court judge, 6 years later, agreed that that was sufficient cause to justify the untimely filing. The Nevada Supreme Court, 3 years later, agreed as well that Walters 1 was sufficient cause to justify the untimely filing. The issue really comes down, Your Honors, to whether or not the constitutional violation is the admission into evidence of Mr. Walters' statements or whether the constitutional violation is really the unlawful arrest and the evidence obtained as a byproduct of that unlawful arrest. Clearly, the Nevada Supreme Court in Walters 1 and in Walters 2 held that the arrest was unlawful and also held in Walters 1 that the product of that unlawful arrest should be suppressed. Once that unlawful arrest becomes the basis upon which the cause exists, and the Nevada trial judge repeatedly stated in three separate hearings that he understood cause was the unlawful arrest. He said, at least on two or three different occasions, the Nevada Supreme Court reversed Walters' conviction because of the arrest. And he also noted that as a result of that unlawful arrest, police had unlawfully searched and obtained evidence. And in discussing Mr. Sampson, not the inculpatory statements made by Mr. Walters, when he was addressing Mr. Sampson's case, the district court consistently discussed the unlawful arrest in terms of the physical evidence seized from Mr. Sampson, including specifically his boots. In fact, the Nevada trial judge on the repeated hearings disagreed with and rejected the Nevada attorney, the Nevada district attorney's attempts to characterize Mr. Sampson's claim as being founded solely on the issue that Mr. Walters' statements had been admitted into evidence, and that the cause for admitting for Mr. Sampson was based solely on Mr. Walters' inculpatory statements. Each time the Nevada district attorney raised that issue, the Nevada trial judge disagreed with the district attorney and specifically referred the district attorney to the arrest, the seizure of physical evidence, and the fact that those pieces of evidence inculpated Mr. Sampson, independent from Mr. Walters. In fact, the district court judge went so far as to specifically include that claim as part of Mr. Sampson's petition for habeas relief. And in doing so, he ruled that cause existed for Mr. Sampson's habeas petition, and it's untimely filing. He then ruled on the merits that the seizure of the boots and bandana, as well as the inculpatory statements made by Mr. Walters, justified granting him a new trial, and he granted him a new trial. The Court's correct that he did so in part because they were birds of a feather. They should be treated equally, and it would be unfair for one to be treated differently than the other. What does that constitute cause? It seems to me that when we talk about cause and prejudice, we talk about factors that are external to the defense, and I suppose this is one. But to get back to Judge Reinhart's question, if you didn't have the disparate treatment, there would be no cause in this case, right? Well, Your Honor, I think that that is true. If there were not disparate treatment, there might not be cause. What's your best case that says that disparate treatment is enough to constitute cause? I think the best case, Your Honor, is the fact that the Nevada trial judge that considered the question and who was both the trial judge and the post-conviction relief judge found that cause existed, and that the second Nevada district court judge to consider the case also found that cause existed, and so did the Nevada Supreme Court. And they all found cause existed to justify the untimely filing of Mr. Sampson's claim, challenging the evidentiary products of that unlawful arrest. The place we believe the district court erred was when it distinguished between the statements admitted in evidence from Mr. Walters and the byproducts of the same unlawful arrest. No, wait a second. You're talking about the U.S. district court. The Federal District Court judge, yes, Your Honor. He was not the first one to distinguish, was he? I believe he was the only one to distinguish, Your Honor, other than the magistrate judge whose report and recommendations. So you're, you're, you say that the Nevada Supreme Court did not find a, a procedural bar? No, Your Honor. The Nevada Supreme Court, what it did was, on appeal from the second Nevada district court judge's decision, it ruled that cause existed for the untimely filing arising out of Walters 1. However, it addressed only the claim relating to Walters' statements. It made no mention at all of the boots and bandana. It never resolved the issue, even though that was the basis upon which the Nevada trial judge had made its decision 6 years earlier. The Nevada, the second Nevada district court judge made the same, well, omitted to make any ruling on the boots and bandana, just as the Nevada Supreme Court had done. And so, Your Honor, yes. Your position is that as to the boots and bandana, the physical evidence, there was never a ruling by the State court either on the merits or on the procedure, although you properly presented the issue. That is correct, Your Honor. The issue was properly presented to the Nevada trial judge. He ruled on the issue, granted the petition, at least in part on that issue. The issue was never thereafter addressed either by the second Nevada trial judge or the Nevada Supreme Court. And indeed, it's also important to remember, the Nevada Supreme Court, on appeal from the order dismissing his State court post-conviction relief petition, did not make any ruling on the boots and bandana. Scalia's claims, you presented them all, all the way up through the courts, and the State court didn't rule on Claim 5. Exactly. And now you want to present Claim 5 in the Federal court. Right. Because you've exhausted it and they just failed to rule on it. Right. Not only that, but with the added factor that the trial judge in the original post-conviction case did, in fact, rule on it and did, in fact, grant Mr. Sampson habeas or post-conviction relief based in part on the seizure of those boots and that bandana. I think I understand your position, at least. Could you explain the next issue, the prejudice? Can you explain to me why the boots had blood on them that's not identified with the victim or as well as oh, it could be either, right? It could have been either. Okay. And the bandana, it wasn't used in the crime. He would wipe his head with it or something. Well, the boots and bandana become very important to the prosecution's case. Because? For a couple of reasons. One, there's absolutely no evidence in this case tying Mr. Sampson to the murder. We have circumstantial evidence that he was outside at the time the murder took place. We also have, though, evidence that there were at least two other people outside at the time the murder took place, with no ability to distinguish which of the two or three other people who were out there actually committed the crime. Second, and so that there's no trace evidence, there's no fingerprint evidence, there's no eyewitness, there's nothing. I know. Can you just answer the question, what did the bandana and the boots, how did the lack of them coming in evidence cause the prejudice? The prejudice arises from the district attorney using the blood on the boots to place Mr. Sampson outside at the time Mr. Euchert was killed. He had type Mr. Euchert had type O blood, Mr. Sampson had type O blood. And the district attorney argued that the fact that Mr. Sampson had boots on his blood and the fact that a potentially unqualified detective testified that the blood on the boots was in the form of a spray or some other pattern indicative of a murder demonstrated that Mr. Sampson had to be, if not the killer, at least in close proximity to the murder. The bandana was used to co-opt. So the testimony was this O blood was not displayed in the manner that would have come from a drop from his head or something. Right. It was the O blood came from the knife. Now tell me about the bandana. The bandana, Your Honor, was used by the prosecutor to co-operate the testimony of the victim's wife. She, after discovering her husband on the ground, testifies that she ran outside and confronted Mr. Sampson, and that Mr. Sampson was on his motorcycle and was wearing a black bandana with skull bones on it and then lifted the black bandana up to show a wound on his head that he suffered from Mr. Euchert, I suppose, in some kind of fight. And so the district attorney used that bandana to show that, in fact, Mrs. Euchert had seen Mr. Sampson there after the altercation, that they had Mr. Sampson admitted at that time that there had been a fight, that he had been wounded as a result of that fight, and then lashed back at Mr. Euchert. Okay. Your Honor, just briefly, for the reasons set forth in our brief, we'd also suggest that the evidence is insufficient, and I'll reserve the remaining of my time for rebuttal. Thank you, Your Honor. Good afternoon, Your Honors. My name is Tom Gover. I'm a senior deputy with the Nevada Attorney General's Office. I represent Miles Long and the State of Nevada in this case. If I could explain briefly my involvement with this case, I did not file the appellate brief. I was involved with this litigation earlier when the Federal public defender was also involved. I filed a couple of motions to dismiss at the district court level, one on an exhaustion basis, one on the procedural default basis that is before the Court here today. I also filed the answer dealing with the insufficiency of the evidence item. So here you are. You can argue. That's correct. I appreciate the regarding the procedural default issue, I believe we've narrowed the issue somewhat. The certificate of appealability dealt with what's challenging the procedural default relating to grounds 2, 3, 4, and 5 of the third amended petition. Basically, it seems that Mr. Sampson and his counsel have abandoned any challenge regarding grounds 2, 3, and 5 relating to whether or not they are properly procedurally defaulted and that the United States district court found them to be so. Regarding ground 4, the Fourth Amendment claim regarding the boots and the bandana, we also have a real narrow issue. The guy untimely filed his appeal. I mean, as far as cause is concerned, this guy sat around three years after he was found guilty. There was a finding of cause in the State courts if it had to do with an oral statement. There was findings in the State court. The codependent's oral statement. There's cause for that. That's correct. He sat around for three years, but there's cause for whatever reason. I mean, we're we take the record as what the State court finds there's cause for waiting three years to complain about the codependent's oral statement resulting from the unlawful arrest. That's correct. As far as the Nevada State courts are concerned, why they addressed the issue, they felt that there was cause. You have the analysis from the judge about, you know, what's good for the goose is good for the gander, and we want to treat him the same. And so that was cause for the State courts to address the issue, because the State courts also have statutes that deal with, you know, if you don't bring the claim within a one-year period of time, we're not going to hear it. But that's not cause. Isn't that the procedural default we're talking about? Yeah. That's the default. Well, the procedural default that we're actually talking about, the codependent's oral statement, right, the admissibility of that codependent's oral statement. No, I mean, his failure to file in the State court the claim of suppressing physical evidence resulting from the unlawful arrest. The failure to file that in a timely manner is the procedural default we're talking about. That's correct. But I believe at the Federal level, the standard's different. The standard isn't what's good for the goose is good for the gander. The standard is what circumstances external to the defense prevented you from causing – prevented you from timely filing your claim. If the State says there's no procedural default, what difference does it make what the Federal standard is? I mean, there has to be a State procedure. If the State ignores the standard, if the State ignores the Federal standard, does that bind the Federal court to then look at a claim that's otherwise procedurally defaulted? That was actually the magistrate's point in the record. You're saying that even if the State doesn't treat or consider a filing or the defendant's action as being in default State law, we should? We should say to the State, you were wrong, it is procedurally defaulted. It's relevant this way. The fact that the State considered the issue, the issue was considered. It's no longer procedurally defaulted. They ruled on it on the merits. And so the State court proceedings, as far as we're concerned at the Federal level and whether or not we're going to find a procedural default or not, is whether or not the State court actually heard the claim on the merits. And they did hear the claim on the merits regarding the co-defendant's statement. Regarding the boots and bandana evidence, that is what the dispute is about. The dispute is, and what the sample needs to show, is that the Nevada Supreme Court heard on the merits his claim about there was a violation of the Fourth Amendment for the improper admission of these boots and bandana evidence. And so what we're haggling about right now is did the Nevada Supreme Court hear this. Our position is, no, they didn't. If you look at the findings of fact and conclusions of the law. I'm not sure that is the dispute. I've been trying to figure out since I started reading this case just what it is. And I'm not sure I understand that. But as I understood your opponent, it was not that the Nevada Supreme Court decided the question of the validity of the or the failure to suppress the introduction of the boots and bandana. Rather, he said he presented that to them and that they only decided the other issue of the, you know, the oral statement. And they never actually addressed on the merits the boots and the bandana, although it was properly presented to them all along, but that there was no action on the merits. That's what I understood him to say today. And that's what I understood him to say today also. If I could address that, regarding the You agree they didn't address it on the merits. I brought an initial motion to dismiss based on exhaustion. And one of the claims on exhaustion was that the boots and bandana claim, this fourth claim, was not presented. It was not exhausted. Now, that decision was or I was ruled against in the district court on that basis. And so now I am before the Court at the procedural default level. And if the district – and I was kind of placed in an awkward position in that I believe that this claim was never presented, never ruled upon, and now the district court is saying, well, yeah, it was presented. Well, then I could look to the record and I could look at the findings of fact conclusions of law and also the Nevada Supreme Court order dismissing appeal, where they found one claim, and it stated that we found one claim that there was cause for, that we heard, and that was a claim relating to the co-defendant's omission. And then in the findings of fact we were in a very strange circumstance here. The – if we assume it's exhausted and you haven't appealed that ruling, then it was presented to the Nevada Supreme Court. They didn't rule on it, but they didn't say it was procedurally barred. There's no State court ruling finding a procedural default. I believe we do have a State court ruling finding a procedural default. If we look at the findings of fact conclusions of law and the order dismissing appeal, the 1996 findings of fact conclusions of law, the trial court found that there was only one issue that they found cause for, and that was the issue dealing with the co-defendant's omission. They used that language. You know, the co-defendant's issue, we found cause relating the omissibility of this co-defendant's omission. Nothing was stated about Boots and Bandana. And then all of the other claims that were brought in the petition, they made a statement. All other contentions raised in the petition are time barred. Alito, counsel. I am at the excerpt of record, page 78. I'm looking at the findings of fact conclusions of law, page 3, paragraph 3. If you look at page 3, paragraph 2, that is the finding, paragraphs 1 and 2, that is the, those are the paragraphs which define what the trial court found to be the issue that was heard on the merits, that there was cause, and we're going to hear this issue on the merits, that is the co-defendant's omission issue. And if you look at page 3, paragraph 3, all other contentions raised in the petition are time barred for procedural default under 177.315. Can you read the slide again? What are you dealing with? Excerpt of the record, 78 is where the findings of fact conclusions of law begin. The language that I'm looking for is on page. I guess I'm not. I think that's in volume 2. 378 should be in volume 2. Okay. Volume 2. Volume 4. What's the date of the order? The date of the order is July 16, 1996. Okay. My volume 2 starts at excerpts of record, like, 300 and something. Right. And we're looking for 376. Oh, 376. Oh, you've been saying 76. I did say 300. That's why we got confused. Oh, excuse me. 376. Okay. So you're saying that in this order, that the trial court found a procedural default on the boots and the bandana because it did not mention it, did not mention that specifically in terms of establishing or excusing cause. And that went up to the Supreme Court unimpeded. Is that what you're saying? Exactly. In the findings of fact conclusions of law, the district court found all other contentions raised in the petition are time-barred. They also found additionally, if you look at paragraph 4, additionally the motion to supplement the petition is time-barred. And so what Mr. Mitchell is saying is that you can't construe that order that way at all, and it all went up to the Supreme Court, and they just didn't rule on it. Well, and it did all go up to the Supreme Court. Right. No, but I mean, that's his argument. Exactly. So it comes down to probably how we construe this one order. Exactly. And that's what I was trying to say. The very narrow issue is when the district court said all other contentions raised in the petition are time-barred, does that include the Fourth Amendment claim regarding the boots and the bandana? Okay? Okay. So your view is, okay, there's no cause to the fact that they've now found that the search was illegal is not the cause. It's only that the search was illegal and his statement is out. That was the cause. That was the claim that cause was found on. That's correct. Okay. And that's it. And that's it. And that is the straight-up language, I believe, of the findings of fact conclusions of the law there, and also the Order Dismissing Appeal supports that. Now, I can explain. I guess things are going along, and the search is found illegal for the first time. The Nevada court apparently does not necessarily consider that to be cause for you not having challenged it from the beginning, that somebody else got it declared illegal. I believe so. That's correct. I mean, it's only because of this weird circumstance that not only was it found illegal, but that the statement was thrown out. Right. So it can't be out as to one and in as to the other. That apparently was the rationale of the initial trial court judge. Okay. Now, one thing I would like to point out just briefly on the initial trial court judge's findings also is that we need to remember that his order was vacated. There was an order of remand from the Nevada Supreme Court when we had all this business about going back with Walters I and Walters II, and we had all these issues briefed, and it was ready for a decision, but Walters II came out, and the Nevada Supreme Court came out and said, you know what, your cause for looking at this co-defendant's issue was Walters I. Walters I has now changed. So all this that's in front of us could have changed. Vacate the order, remand, send it on back. And so SAMHSA's reliance today on, if it's too heavily on this initial vacated order, really I believe is misplaced, because we started all over again when – Okay. And the new orders were. Okay. There was some issue raised about the Nevada Supreme Court not specifically addressing this boots and bandana issue. And as I state, I believe they found all other contentions raised in the petition were time-barred. But I can explain why there might be a perception that they didn't address the boots and bandana. And that is because if you look at how that claim was raised and how that came about, and this goes back to my exhaustion argument that I made a long time ago, this boots and bandana claim was not raised like all the other claims in Mr. Sampson's petitions. He was – in his pro per petition in 1990, he listed out six claims, 1, 2, 3, 4, 5, 6. He used little Roman numerals and all and laid them out. In his supplemental petition, he had an appointed counselor come in, 1, 2, two more claims. She even did a motion to amend her supplement. She wanted to expand beyond her supplement. She added some other claims. Okay. All of those claims never raised the boots and bandana. The only reference that you ever have to the boots and the bandana was in a reply that was made by Sampson's counsel way back at the beginning. Yeah. But the problem is, I think, that you told us that the district court found that boots and bandana was exhausted, and that's not being appealed. They did. And the only reason why I was bringing up the issue was to explain why maybe the Nevada Supreme Court wasn't as clear and maybe there isn't something about boots and bandanas in there. And the crux of the matter is, when the issue was appealed the second time around by Sampson's new counsel, she did not reassert this boots and bandana claim. When she described the procedural history in her supplemental petition, this is Exeter Record 321, page 3, she refers to six issues that were raised in the petition over to Habeas Corpus. It was the six issues that Sampson in his cell figured out on his own and he raised. It did not include the boots and bandana issue. Okay? She also refers to the reply that was filed by Sampson's counsel that was appointed to the system, but just mentions it out of the side of her mouth that, you know, and there was a reply filed. Not like there was a reply filed and there's this boots and bandana claim that's out there. You've got to deal with it. Right? It was just. And so at the point in time where the Nevada Supreme Court is dealing with Sampson's appeal, the boots and bandana issue is not being briefed. Okay? It might have been briefed before in a previous appeal, an appeal that resulted in a vacated order. But in the appeal that we're looking at, in the record that we're looking at to determine, you know, what was heard and what was not, it was not an issue. And so I bring that up just to explain why maybe there might be a perception that the Nevada Supreme Court didn't deal with all these issues the way they should have, or maybe it wasn't more clear. It wasn't even before them. Regarding the. But what you really believe is that it's not exhausted. Do I really believe that it's not exhausted? That's what you urged. I really do believe that it's unexhausted. Yeah. And if it's unexhausted, I think it's still procedurally defaulted. At this point in time, there is no adequate State court remedy. If this is unexhausted, what, we're going to tell them to go back? And we've already done that before. We told them to go back, and they presented these claims, and they were, they were, they were time barred. The Nevada State court is not going to hear this ancient claim. And so based on, you know, the Coleman v. Thompson footnote where they talk about, you know, claims that might not have been ruled on or are unexhausted, but there's no available State court remedy, a procedural bar still applies. What did the last Nevada Supreme Court decision deal with? The last Nevada Supreme Court decision on this case was the order dismissing appeal on E.O.R. 385. On page 2 of the order, it identified the claim. It says that it identifies the claim on the admission of guilt. Right. Codefendant's admission of guilt. Should have been suppressed. And it says the next claim is the ineffective assistance of counsel. So they really didn't deal with this. No. If you go down to page 2 and 3, they identify all the other claims. They actually list them all out. Right. And then they found, they say they find no cause for delay in raising these, raising the claims. But the Boots and Bandana aren't listed. No, and as I was stating, it wouldn't be. It wasn't litigated. His own counsel at that point in time didn't even assert it. She didn't even, when she stated the procedural history, she didn't even recognize it as a claim. She only recognized the six claims that were asserted by Sampson in his 1990 April petition of writ of habeas corpus. So let me see if I get your position in a nutshell. You're saying, you're saying that in the first vacated, now vacated order, the first order from the district of the trial court, the trial court did not find cause as to the Boots and Bandana. Correct. Your opponent disagrees with that, but that's what your contention is. And then that issue was dropped. And so your contention is that the trial court did not find cause on this issue. That's correct. Okay. And your secondary position is that it's not exhausted and it's procedurally barred on that ground. My second position, it positions. No, I mean, if this issue is not, is not, was never then pursued, it's procedurally barred because it wasn't presented fairly to the Supreme Court. My second position is couched in the decision of the district court that said that it was exhausted. And so if you're telling me that it is exhausted, then it falls within the language of the Nevada Supreme Court and also the district court that said all other claims are time barred. Well, where does it say all other claims? That is under, that's in the findings of fat conclusions of law. That's in the Supreme Court order. And the Supreme Court argument, they don't say all other claims. Yeah, that's what my. They list them all out and then. They don't, but they don't. But they don't list that one out. Right. So at that point in time, I think we have a Yields versus Nonamaker issue where we're going to look through, right? If we're looking at this from a procedural default standpoint, we have to look to the last reasoned opinion, right? That puts us back to the district court that said all other contentions are time barred. And so, you know, that's, hopefully that understands, helps you understand what my positions are regarding the procedural default issue. In page, so on page 87, okay, page 87, the Supreme Court says the district court conducted an evidentiary hearing on the timeliness of this petition and the appellant failed to present evidence adequate to our adequate arguments to explain its delay. So that doesn't address it, or it does address it. Which one are we looking at? I guess I thought I was looking at the Supreme Court of Nevada. 387? You're looking at Exeter Record 387? Right. And you're looking at page 2? I'm looking at page 3. Okay. Page 3, right. And it seems we're found there was no cause for delay. Right. Adequate arguments to explain his delay. Exactly. So if he, including the Booth and Bandana claim, that there was no arguments presented to, yeah, exactly. And, you know, those are the opinions of the magistrate and also the opinion of the U.S. district court judge, I ask. Okay. Once upon a time he had a reason for delaying, that was the statement. That went away. He no longer has any reason for delaying. Now, the statement isn't even the statement claim isn't even before the Federal court. I'm talking about what the Nevada Supreme Court is saying. Right. Okay. I'm over my time. If I need to address the insufficiency of the evidence issue at all, I would just briefly state that. The counsel didn't argue it. The issue is there, but it's been briefed by both sides. Thank you very much. We'll probably give you about five minutes. You've got three and a half. Okay. Thank you, Your Honor. So does your contention get down to whether or not the Nevada Supreme Court considered the boots and the bandana subsumed in the warrantless arrest cause? I think our case gets down to the fact that the Nevada Supreme Court never addressed the boots and bandana, that the findings of fact and conclusions of law that the State is relying on also never addressed the boots and bandana, and that the only court that did, in fact, address the boots and bandana was the original Nevada trial court in the original post-conviction proceedings in 1990, which specifically discussed them in three separate hearings and specifically granted Mr. Sampson post-conviction relief, at least in part on the seizure, the unlawful seizure of the boots and the bandana. It's important to remember a couple of things. First, this Nevada Supreme Court order dismissing appeal, if you will look at, I think it's footnote number 1, maybe it's not footnote number 1, but this Nevada Supreme Court appeal indicates that it was, ah, it's the very last page on page 3, the last paragraph. The appellate decision indicates having reviewed the record on appeal. I'm sorry, where are you? I'm sorry. It is Excerpt of Record 387, which is page 3 of the Nevada Supreme Court's opinion. There's no footnote on that one. The last paragraph. Okay. I thought it was in the footnote, but it's the last paragraph. It says after they reviewed the record, they conclude the appellant is not entitled to briefs, I mean, to relief, and that briefing and oral argument are unwarranted. And so there was never a brief ever filed with the Nevada Supreme Court, neither was there any oral argument where Mr. Sampson had a chance to raise for the Nevada Supreme Court his boots and bandana claim. And as the courts noted, the Nevada Supreme Court went through and listed the claims that it considered time-barred. The boots and bandana claim is not one of those claims. If it's not exhausted, why isn't it time-barred now? It was exhausted, Your Honor, because it was raised before Judge Christensen, who was the post-conviction relief judge. It was considered in that hearing. He expressly stated he was considering it. And when he granted Mr. Sampson's post-conviction petition, if you look at the transcripts of the April 10th, the April 12th, and the May 17th hearing, in that May 17th hearing, he expressly states that he is considering Mr. Sampson's pro se petition. Kennedy. And what the rule that's correct, that he did consider it an act. Then what happened to his ruling? His ruling was vacated. Okay. It was sent back, and 6 years later, 6 years goes by, and a new court with a new judge is asked to reconsider what Judge Christensen had done. So the ruling is vacated, so you're left without a ruling. How do you get that boots and bandana claim adjudicated? Again, that boots and bandana claim is still part of what was presented to the district court in that subsequent hearing. Again, it could have been presented more clearly, but Mr. Sampson's attorney in that hearing, that Excerpt of Record 351, does inform this new judge that Judge Christensen granted relief in the first post-conviction proceeding based on the statements as well as some of the evidence that was rounded up at the residence. That's pretty famous. So it's there. Well, it's thin, except for when we go through the Nevada Supreme – I mean, the United States Supreme Court's rules, that you look at the last State court opinion to address the issue. And then if that fails, you keep going down the line. Do you say you then raised it – after it was vacated, you raised it with a new judge? It was raised. And he didn't rule on it. He didn't rule on it. And then you – Appealed the ruling. Appealed it and it's – Summarily dismissed without briefing and oral argument. And in neither case do you have any discussion of the boots and bandana. In fact, although – You end up with a district court ruling that says that it was exhausted and no appeal from that ruling. That's right. Okay. Now, one question. Just responding to the State's position that this – these findings of fact and conclusions of law say all other claims were time-barred, that is – that is impacted quite substantially by the fact that after the district court makes that decision, it goes through and just like the Nevada Supreme Court did, it continues to specifically address each issue it contended was time-barred. And it does not identify the boots and bandana. Instead of doing it in serial list form, it did it in paragraph by paragraph. But it specifically says all other claims, and then it identifies those claims that it's including, and the boots and bandana aren't there. And so – Well, where are you in the order? Now what are you talking about? If we are talking about – Conclusions of law, they say everything else is procedurally time-barred. The only thing they talk about is the statement, which is also procedurally time-barred. Right. So now – that was 378. Now where are you? If you go through from page 378, paragraph 7, and then you go all the way through to page – excerpt of record 380. Well, 3 – this is on – It's on it, but that's not on the time-bar. That's on sentencing, paragraph 7. This is – this is the – these are the findings of fact and conclusions of law in the second post-conviction proceeding after remand from the Nevada Supreme Court. You're on page 3 – excerpt of record 378, 379. Right. Paragraph 7 is about a weapons enhancement. That's a sentencing issue. That's a sentencing issue, but that's one of the issues that was raised in the post-conviction proceeding. The problem here is they're, like, in different categories. And the boots and bandanas relates to, you know, the question is whether that was timely raised. Because that's one of the issues, was that timely raised? And they apparently have concluded it wasn't timely raised. Well, the Nevada district court, the trial judge, did conclude that cause excused the untimely filing of that claim. You mean the one decision that was vacated? The decision that was vacated. Okay. Now we're talking about after that. After that. And that was – Correct. Fine. Now we're talking about after that. Now, life has changed. Gone. And he again talks about it, and then he says, all other contentions, one, we got the – all other contentions raised in the petition are time barred. Right. And I don't know why that doesn't include the boots and bandana. Because as he goes down through paragraph 7, 8, 9, 10, 11, 12, through 14, each of those paragraphs identify the claims that are – fall within the all other claims are time barred. But you mean these are all time barred claims? Those are the time barred claims. What is not included in the list of claims identified in those paragraphs is any discussion that the boots and bandana claim was also time barred. And consequently, it has never – even though raised with the district court, and even though presented to the district court for resolution, it was never resolved by the second district court judge. The first district court judge does, grants it, it's vacated, it comes back to the second district court judge for reconsideration in light of Walters II. The second Nevada district court judge simply does not address it. It goes up to the Nevada Supreme Court, where the Nevada Supreme Court summarily dismisses the appeal without even an opportunity for briefing or argument. And so we're back in the district court where – So we basically get back to the – to the question of in the second order, whether or not the language saying that everything else is time barred includes the claim. That's it. And it's our – That's the only issue that – That's the issue. Yeah. And if that's the issue, Your Honor, then it is our position that when you read that paragraph in connection with the other paragraphs in the findings of fact and conclusions of law, the all other claims that are time barred are those claims that he spells out. And also, if you want, the same claims which are spelled out by the Nevada Supreme Court in its order dismissing appeal. So it simply, even though it's presented to the district court, and even though the State recognizes it was and was exhausted and the district court ruled that it was time barred, it's never decided by the Nevada State court system. It's just omitted. Or else it was abandoned on the second hearing, before the second hearing, because it wasn't separately set forth. Except for the fact that – That's the more plausible – I think the more plausible interpretation is that the district court may have noted the mention of it but didn't consider it because it wasn't pressed. In which case it wouldn't be exhausted, which we then have to deal with. Yeah. However, his counsel did tell the district court that that was one of the bases upon which relief had originally been granted. Right. But then he didn't renew that basis, so I'm not sure that leaves us. Well, hopefully it leaves us in a position where Mr. Sampson's – the order dismissing his petition will be reversed. Yeah. Okay. Thank you very much. Thank you. Thank you both. We have a slightly better understanding of the procedural problems than we did before. That's it. That's it. Yeah. Court will stand in recess for the day. All rise.
judges: Reinhardt, Thomas, Restani